**William D. ADAMS, Plaintiff–Appellant,**

v.

**CITIZENS ADVICE BUREAU, Defendant–Appellee.**

No. 99–7131.

United States Court of Appeals, Second Circuit.

Argued Aug. 11, 1999.

Decided Aug. 20, 1999.

William D. Adams, pro se, Bronx, N.Y., Plaintiff–Appellant

Ira G. Rosenstein, Orrick, Herrington & Sutcliffe, New York, N.Y., for Defendant–Appellee

Before: CALABRESI, CABRANES, and SOTOMAYOR, Circuit Judges.

PER CURIAM:

Plaintiff-appellant, William D. Adams, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Wood, *Judge* ), granting summary judgment for the defendant, Citizens Advice Bureau ("CAB"). We affirm.

I.

From May 8, 1995 to September 8, 1995, Adams was employed as a family monitor and security guard at CAB, a social services organization. He was injured on August 14, 1995, in an automobile accident, of which he notified his supervisor. On August 30, 1995, he provided CAB with a note from his chiropractor, indicating that he was unable to work "for an indefinite period." CAB then requested a statement from a medical doctor. After Adams failed to produce the requested documentation, CAB terminated him on September 8, 1995. Adams concedes that from August 14, 1995 to November 30, 1995, he was not able to perform the security function of his job, due to his neck, back, and knee injury.

On January 22, 1998, Adams instituted this action, *in forma pauperis* and *pro se,* alleging that his termination constituted discrimination on the basis of disability. The district court granted defendant's motion for summary judgment, on the ground that plaintiff's temporary injury did not constitute a "disability" within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (1994) ("ADA").

II.

We review *de novo* the decision of the district court to grant summary judgment. *See Beatie v. City of New York,* 123 F.3d 707, 710 (2d Cir.1997).

The only issue before this court is whether Adams suffered from a disability within the meaning of the ADA. To be covered by the ADA, Adams must demonstrate that he suffered from "a physical or mental impairment that substantially limit[ed] one or more of [his] major life activities." 42 U.S.C. § 12102(2).[1]

There is no dispute that Adams's injury was, for the purposes of this claim, temporary. Before the district court, Adams agreed that he was unable to work only for three and one-half months, from August 14, 1995 to November 30, 1995.[2] He proffered no evidence showing that, despite the temporary nature of his injury, he was substantially limited in major life activities as a result of that injury. Because this court has found a temporary impairment of seven months, by itself, "too short [in]

---

1. The ADA also defines disability as "a record of ... an impairment" that substantially limits one or more major life activities or "being regarded as having such an impairment." *Id.* Adams has made no effort to establish his disability under either of these alternative definitions.

2. Adams made no claim in the court below that he suffered from residual limitations on

his capacity to perform work as a result of this temporary disability. *Cf.* 29 C.F.R. § 1630.2(j)(2) (1998) (providing that one of the three factors to evaluate in determining whether an individual is substantially limited is "[t]he permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment").

duration ... to be 'substantially limiting,'" *Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 646 (2d Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 1253, 143 L.Ed.2d 350 (1999), Adams has failed to make out a claim that he was disabled within the meaning of the ADA.

The Magistrate Judge's report and recommendation, adopted by the district court, engages in a case-specific analysis to determine whether this plaintiff was substantially limited in a major life activity by his temporary injury. As a result, we have no occasion to consider whether temporary injuries are *per se* unprotected under the ADA. *Compare Graaf v. North Shore Univ. Hosp.*, 1 F.Supp.2d 318, 321 (S.D.N.Y.1998) and *Davis v. Bowes*, No. 95 Civ. 4765, 1997 WL 655935, at *15 (S.D.N.Y. Oct.20, 1997), *with Aldrich v. Boeing Co.*, 146 F.3d 1265, 1270 (10th Cir. 1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999) ("[A]n impairment need not be permanent in order to rise to the level of a disability."). The question is open in this circuit and we intimate no opinion on it.

Having carefully reviewed the record and examined appellant's argument, we order that the district court's order of judgment be AFFIRMED.