10-420-cv
De La Rosa v. Potter

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY
FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN
CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE
EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY
PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at
the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New
York, on the 5ᵗʰ day of April, two thousand eleven.

PRESENT: CHESTER J. STRAUB,
 ROBERT D. SACK,
 GERARD E. LYNCH,
 *Circuit Judges.*

------------------------------------------------------------------

OSVALDO DE LA ROSA,
 *Plaintiff-Appellant*,

 v.                                                No. 10-420-cv

JOHN E. POTTER, Postmaster General, United States Postal Service Agency,
 *Defendant-Appellee*.

-------------------------------------------------------------------

FOR APPELLANT:        Mark J. Berkowitz, Fort Lauderdale, Florida.

FOR APPELLEE:        Li Yu, Ross E. Morrison, Assistant United States Attorneys,
                     *for* Preet Bharara, United States Attorney for the Southern
                     District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York

(George A. Yanthis, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Osvaldo De La Rosa[*] sued his former employer, the United States Postal Service ("USPS"), after he was denied a permanent mail carrier position at the end of his ninety-day probationary period. De La Rosa's Complaint alleged violations of both the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964. The district court (Yanthis, *M.J.*) awarded USPS summary judgment on the Rehabilitation Act claims and dismissed the Title VII claims for failure to exhaust administrative remedies.

On appeal, De La Rosa challenges only the district court's grant of summary judgment on his Rehabilitation Act claims. We therefore need not address the other aspects of the district court's decision. See Bogle-Assegai v. Connecticut, 470 F.3d 498, 504 (2d Cir. 2006). We review the district court's grant of summary judgment de novo. Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 274 (2d Cir. 2009). Rehabilitation Act claims are analyzed under the familiar three-step burden-shifting framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 48 (2d Cir. 2002). The plaintiff bears the initial burden of demonstrating a prima facie case of discrimination. Id. at 48-49. To carry that burden, "a plaintiff must prove," among other things, that "he is an individual with a disability." D'Amico v. City of New York, 132 F.3d 145, 150 (2d Cir. 1998) (internal

---

[*] The parties' briefs and the record on appeal inconsistently capitalize Mr. De La Rosa's name. We have adopted the capitalization used by the district court.

quotation marks omitted). At the time of the events in question, the Rehabilitation Act defined the phrase "individual with a disability" to include employees who are "regarded as" disabled by their employer. See 29 U.S.C. § 705(20)(B)(iii) (2000). Therefore, employees perceived as having "a physical or mental impairment which substantially limits one or more major life activities" are considered "individual[s] with a disability" under the Rehabilitation Act, regardless of whether they are actually disabled. Reg'l Econ. Cmty. Action Program, 294 F.3d at 46.

De La Rosa has abandoned any claim that he was actually disabled. See Bogle-Assegai, 470 F.3d at 504. His only argument on appeal is that, after his injury, USPS perceived him as disabled and discriminated against him on that basis by terminating his employment at the conclusion of his probationary period. That argument is unpersuasive.

It is undisputed that De La Rosa's doctors, his employer, and even De La Rosa himself anticipated a fast and full recovery from his back injury. In fact, De La Rosa was able to complete his route on the very day that he was injured, and USPS appears to have offered De La Rosa an opportunity to begin a new probationary period once his back healed. A "temporary impairment" lasting only a few months is, "by itself, too short in duration . . . to be substantially limiting." Adams v. Citizens Advice Bureau, 187 F.3d 315, 316-17 (2d Cir. 1999) (internal alteration and quotation marks omitted). Because De La Rosa offers no evidence that USPS believed his injury to be anything other than a temporary setback requiring (at most) a short-term reduction in duties, no reasonable jury could conclude that USPS perceived De La Rosa as disabled within the meaning of the Rehabilitation Act.

De La Rosa's only evidence comes from his supervisor's signature on a claim for continuation of pay form indicating that De La Rosa was "disabled [from] work." But, as USPS points out and De La Rosa does not contest, the form in question refers to disability under the Federal Employees' Compensation Act ("FECA"), which defines "disabled" in terms substantially broader than its definition under the Rehabilitation Act. Compare 20 C.F.R. § 10.5(f) (defining disability under FECA as "the incapacity . . . to earn the wages the employee was receiving at the time of injury") with 29 U.S.C. § 705(20)(A)(i) (2000) (defining disability for Rehabilitation Act purposes as a "physical or mental impairment" that "constitutes or results in a substantial impediment to employment"); see also, e.g., Rolland v. Potter, 492 F.3d 45, 48 (1st Cir. 2007) (noting that Congress adopted broader language to define disability for workers' compensation purposes than the "more demanding definition of 'disability'" in the Rehabilitation Act). Therefore, this evidence says nothing about whether USPS perceived De La Rosa as disabled within the meaning of the Rehabilitation Act, the only statute relevant to this case. De La Rosa also notes that his treating physicians indicated that he had a "partial disability," but that was also in the context of De La Rosa's claim for continuation of pay under FECA. In any event, what matters is not what De La Rosa's doctors thought, but what USPS thought, and the record reveals no evidence that USPS perceived De La Rosa as disabled within the meaning of the Rehabilitation Act.

We have considered all of De La Rosa's arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court