Gloria J. KRUGER, Plaintiff,

v.

**HAMILTON MANOR NURSING HOME, Defendant.**

**No. 13–CV–6195 EAW.**

United States District Court,
W.D. New York.

Signed March 26, 2014.

Gloria J. Kruger, Brockport, NY, pro se.

James C. Holahan, Bond Schoeneck & King PLLC, Rochester, NY, for Defendant.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

Plaintiff Gloria J. Kruger ("Plaintiff") brings this action against Hamilton Manor Nursing Home ("Defendant") alleging violations of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12201 *et seq.* and the New York State Human Rights Law ("NYSHRL"), Executive Law §§ 290 *et seq.*, the latter claims apparently based upon alleged disability, age, and gender discrimination.

Presently before the Court is Defendant's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). (Dkt. 6). Defendant argues that Plaintiff does not adequately allege facts sufficient to show that: (1) Plaintiff was disabled; (2) Defendant took any unlawful adverse employment action against Plaintiff; or (3) Plaintiff's reassignment was unlawfully

motivated by discriminatory animus. Defendant also argues that the Court should dismiss Plaintiff's NYSHRL claims or, in the alternative, decline to exercise jurisdiction over them.

As discussed more fully below, the Court grants Defendant's motion directed to the ADA claims because Plaintiff has failed to allege a qualifying disability under the ADA. As a result, the Court does not reach Defendant's alternative grounds for dismissal of the ADA claims. In addition, the Court declines to exercise supplemental jurisdiction over Plaintiff's NYSHRL claims.

## BACKGROUND

Plaintiff, a licensed practical nurse and former employee of Defendant, alleges that she suffered a broken arm in or about June 2012, and that Defendant had actual notice of her medical condition on June 8, 2012, when Plaintiff submitted her doctor's note to Defendant's agents. (Dkt. 1 at ¶¶ 18 & 20). Plaintiff alleges that on June 11, 2012, she attended a meeting with "Supervisor Harris" and "Administrator Hamlin" regarding disciplinary actions to be taken against her. (Id. at ¶¶ 23–25). Plaintiff alleges that at the conclusion of that meeting, she was told that if she did not agree to take an evening work shift, she would be fired. (Id. at ¶ 26). Plaintiff also alleges that she was informed that her work was "sub par." (Id.). On June 12, 2012, Plaintiff accepted the offer to work evenings (id. at ¶¶ 29–31), and according to Plaintiff, this resulted in her demotion from "Team Leader" to "float nurse." (Id. at ¶ 36).

Plaintiff further alleges that on June 21, 2012, Administrator Hamlin confronted Plaintiff with another incident that happened at the "Latta Road Nursing home" and accused Plaintiff of going to that location and telling them that she was threatened with termination if she refused to take a night shift. (Id. at ¶ 32–34).

Plaintiff commenced the instant action on April 16,2013. (Dkt. 1). Plaintiff was initially represented by Christina A. Agola, PLLC. On July 11, 2013, Defendant filed the present motion. (Dkt. 6). Responses were initially due by August 15, 2013 (Dkt. 8), but Plaintiff's counsel obtained an extension of time to October 15, 2013. (Dkt. 9). No responses were filed on behalf of Plaintiff, and on November 21, 2013, the Honorable William M. Skretny, Chief Judge, United States District Court, granted attorney Christina A. Agola's motion to withdraw in light of her suspension. (Dkt. 10). Thereafter, Plaintiff advised the Court by letter dated December 17, 2013, that she intended to represent herself pro se. (Dkt. 11). On December 19, 2013, Plaintiff was advised by the Court that she had 45 days to submit response papers and that her failure to do so may result in the motion being decided without her input or response. (Id.). Plaintiff never submitted any papers in opposition to the pending motion.

## DISCUSSION

### I. Legal Standard

" 'In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.' " Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir.1996) (quoting Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991)). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." Ruotolo v. City of New York, 514 F.3d 184, 188 (2d

Cir.2008) (internal quotations and citation omitted). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir.2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (alteration in original) (internal quotations and citations omitted). Thus, "at a bare minimum, the operative standard requires the plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir.2008) (alteration in original) (internal quotations and citations omitted).

In addition, "[i]t is well-settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir.2001) (internal quotations and citation omitted); *see also Hemphill v. New York*, 380 F.3d 680, 687 (2d Cir.2004) (alteration in original) (internal citation omitted) ("It is well-established that 'when [a] plaintiff proceeds *pro se* ... a court is obliged to construe his pleadings liberally, particular-

ly when they allege civil rights violations.'"). Moreover, "a *pro se* litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir.1984).

## II. Plaintiff's ADA Claim

■ The ADA provides: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a claim under the ADA, the Plaintiff must demonstrate: "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir.2005).

As Defendant notes in its moving papers, not every impairment is a "disability" within the meaning of the ADA. A disability under the ADA is defined as: (1) a physical or mental impairment that substantially limits a major life activity; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1). Plaintiff claims that her broken arm qualifies as a disability under the ADA because it substantially limited a major life activity and because she was regarded as having such an impairment. (Dkt. 1 at ¶¶ 19, 21). The Court considers each of these alternative theories in turn.

## A. Impairment "Substantially Limits" a "Major Life Activity"

Generally, short term, temporary restrictions are not "substantially limiting" and do not render a person "disabled" under the ADA. *Adams v. Citizens Advice Bureau*, 187 F.3d 315, 316–17 (2d Cir.1999) (temporary neck, back, and knee injury lasting three and one-half months is not a disability within the meaning of the ADA); *De La Rosa v. Potter*, 427 Fed.Appx. 28, 29 (2d Cir.2011) (temporary back injury not substantially limiting). As a result, broken and fractured bones do not generally qualify as a disability within the meaning of the ADA. *Guary v. Upstate Nat'l Bank*, 618 F.Supp.2d 272, 275 (W.D.N.Y. 2009) (plaintiff's broken ankle, "which resulted in a single, twelve-week disability leave with no alleged physical limitations thereafter, is not a disability for purposes of the ADA or the parallel New York statute."). *See also Zick v. Waterfront Comm'n of N.Y. Harbor*, No. 11 Civ. 5093, 2012 WL 4785703, at *5, 2012 U.S. Dist. LEXIS 144920, at *11 (S.D.N.Y. Oct. 4, 2012) ("Plaintiff's broken leg is simply not an injury considered a 'disability' under the ADA."); *Smith v. Reg'l Plan Ass'n, Inc.*, 10 Civ. 5857, 2011 WL 4801522, at *5, 2011 U.S. Dist. LEXIS 117712, at *14 (S.D.N.Y. Oct. 7, 2011) (plaintiff's fractured ankle did not qualify as a disability within the meaning of the ADA); *George v. TJX Cos.*, No. 08 CV 275, 2009 WL 4718840, at *6–7, 2009 U.S. Dist. LEXIS 114940, at *15–18 (E.D.N.Y. Dec. 9, 2009) (broken arm does not qualify as a disability under the ADA).

Here, Plaintiff fails to plead that she suffers from a disability within the meaning of the ADA. Plaintiff's broken arm is not an injury considered a "disability" under the ADA, and Plaintiff has failed to allege that her injury was more than temporary. In fact, Plaintiff admits that the physical limitation she sustained from breaking her arm only "temporarily affected" her daily activities. (Dkt. 1 at ¶ 19). Although Plaintiff alleges that her broken arm limited the major life activities of "caring for oneself ... and working" (*id.*), she fails to allege any facts supporting or further describing how her broken arm limited these activities. Plaintiff's failure to provide support for her assertions regarding major life activities renders them inadequate. *See Smith*, 2011 WL 4801522, at *5, 2011 U.S. Dist. LEXIS, at *14 ("To the extent Smith alleges walking as a major life activity that was affected by her fracture, she has not pled facts suggesting that her ability to walk was substantially limited."). Therefore, Plaintiff has failed to allege a physical or mental impairment that substantially limits a major life activity, and her injury is not covered by the ADA under this category.

## B. "Regarded As" Having an Impairment Under the ADA

Pursuant to the ADA, a plaintiff will be regarded as having a qualifying impairment "if the individual establishes that he or she has been subjected to an action prohibited under this Act because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

Here, Plaintiff simply alleges that "Defendant *regarded* Plaintiff as having such an impairment...." (Dkt. 1 at ¶ 21). Plaintiff has failed to set forth any facts to support her claim that Defendant regarded her as disabled within the meaning of the ADA. While Plaintiff alleges that Defendant had knowledge of Plaintiff's broken arm (*id.* at ¶ 20), " 'the mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the em-

ployee as disabled or that that perception caused the adverse employment action.'" *Reeves v. Johnson Controls World Svcs., Inc.,* 140 F.3d 144, 153 (2d Cir.1998) (quoting *Kelly v. Drexel Univ.,* 94 F.3d 102, 109 (3d Cir.1996)). *See also Amie v. Shinseki,* 806 F.Supp.2d 641, 644 (W.D.N.Y.2011).

Plaintiff's allegation that Defendant regarded her as disabled under the ADA is a legal conclusion and is unsupported by any allegations in the Complaint. As explained by the Supreme Court in *Twombly,* "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (internal quotations and citations omitted). *See also Zick,* 2012 WL 4785703, at *5, 2012 U.S. Dist. LEXIS, at *12 (plaintiff who sustained a broken leg suffered a "minor" or "transitory" injury, and therefore was not regarded as having an ADA-covered disability); *Smith,* 2011 WL 4801522, at *5, 2011 U.S. Dist. LEXIS, at *14–15 (plaintiff who sustained a fractured ankle did not plead "facts adequate to show that her employers perceived her as disabled" because she merely offered "the conclusory statement that 'Defendants perceived Plaintiff as a disabled person' ... [t]hat formulaic recitation of an element of her cause of action will not do under *Twombly,* 127 S.Ct. at 1959."). Complaints claiming disability discrimination must allege more than a mere recitation of "cursory conclusions of law with virtually no operative facts to support them...." *Cusack v. Maloney,*

09–CV–6673L, 2011 WL 710218, at *1, 2011 U.S. Dist. LEXIS 17037, at *4 (W.D.N.Y. Feb. 22, 2011).

Even if Plaintiff adequately alleged that Defendant "regarded her as having such an impairment," her injury still is not covered by the ADA. Pursuant to 42 U.S.C. § 12102(3). the "being regarded as having such an impairment" category "shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B). Plaintiff admits that her activities were only temporarily impacted. (Dkt. 1 at ¶ 19).[1] As a result, Plaintiffs temporary impairment is not covered under 42 U.S.C. § 12102(1)(C), and Plaintiff cannot be "regarded as having such an impairment." 42 U.S.C. § 12102(3)(B); *see Zick,* 2012 WL 4785703, at *5, 2012 U.S. Dist. LEXIS, at *12.

### III. Plaintiff's New York State Human Rights Law Claim

Pursuant to 28 U.S.C. § 1367(a), a district court may exercise supplemental jurisdiction over state law claims in any case where it has original jurisdiction. However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Pension Benefit Guar. Corp. v.*

---

1. In her complaint, Plaintiff alleges that she broke her arm in or about June 2012 (Dkt. 1 at ¶ 18), and that "[a]s soon as Plaintiff returned to work from breaking her arm on or about June 8th, 2012, Supervisor Kathy Harris called Plaintiff aside and asked her to come in on June 11th at 10:30am to meet with her." (*Id.* at ¶ 23). In its response filed with the NYSDHR, attached as Exhibit 2 to

Defendant's motion to dismiss, Defendant states that Plaintiff actually did not resume working until September 3, 2012, and that the events surrounding her transfer to the night shift occurred when she was on leave from work with a broken arm. (Dkt. 6–2 at 11). In any case, under either party's version of the facts, Plaintiff was out of work for less than six months.

*Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir.2013) (internal quotations and citations omitted); *see also* 28 U.S.C. § 1367(c)(3) (stating that the district court " 'may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction....' ").

Here, Plaintiff purports to allege NYSHRL claims for alleged gender, age, and disability discrimination. Particularly because the resolution of Plaintiff's federal claims only involves consideration of the disability-based claims, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining causes of action under the NYSHRL.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) is granted. Plaintiff's ADA claims are dismissed with prejudice, and the Court declines to exercise jurisdiction over Plaintiff's NYSHRL claims.

SO ORDERED.