17-3308
Francis v. Hartford Board of Education

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th of January, two thousand nineteen.

PRESENT:
   DENNIS JACOBS,
   GUIDO CALABRESI,
    Circuit Judges,
   JED S. RAKOFF,*
    District Judge.

_____

Yvonne Francis,

 Plaintiff-Appellant,

 -v.-               17-3308

Hartford Board of Education, City of,

 Defendant-Appellee.

_____

* Judge Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:        Melinda D. Kaufmann, Pullman & Comley
                                LLC, Hartford, CT.

FOR DEFENDANT-APPELLEE:         James V. Sabatini, Sabatini and Associates,
                                LLC, Newington, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part**, VACATED** in part**,** and **REMANDED** for further proceedings consistent with this order**.**

Yvonne Francis alleges disability discrimination and retaliation against her employer, the Hartford Board of Education (the "BOE"), under the American with Disabilities Act (the "ADA"), the Connecticut Fair Employment Practices Act (the "CFEPA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Connecticut Workers Compensation Retaliation statute.   Francis worked as an assistant principal at West Middle School.   The United States District Court for the District of Connecticut (Chatigny, J.) granted the BOE's motion for summary judgment, concluding that Francis had failed to demonstrate (i) that she had a disability under the statutes and (ii) that the challenged actions were taken against her because of her complaints of disability discrimination.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Francis argues that the district court incorrectly concluded that she was not disabled within the meaning of the ADA.

Under the ADA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual, (B) a record of such an impairment; or (C) being regarded as having such an impairment."   42 U.S.C. § 12102(a).   Francis relies only on the first definition.   An impairment "need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting", but "not every impairment will constitute a

2

disability within the meaning of [the ADA]." 29 C.F.R. § 1630.2(j)(1)(ii).

As the district court concluded, Francis's injuries did not qualify as disabilities under the ADA.   Francis cites injuries to her shoulder and her knee. In September 2012, Francis injured her shoulder.   She was cleared to return to work with two restrictions: "[n]o lifting with right arm (with force)" and "[n]o repetitive pushing/pulling with the right arm (with force or restraining students)".   JA 656.   She was released to work "without physical restrictions" and "discharged from care" on November 28, 2012, two months later.   JA 661.

Francis injured her knee on December 17, 2012.   She missed some work as a result of the injury, but was cleared to return to work in March 2013 with the following restrictions: "[p]erform majority of work seated", "no stairs", and "[a]lternate standing/sitting as needed".   JA 654.   On April 1, 2013, her restrictions were modified to "[n]o bending, squatting, kneeling" and "[n]o stair climbing", and on April 8, they were modified to allow her to climb 6-8 steps per day.   JA 655, 674.   She was released to work without restriction on May 6, 2013. JA 675.

These injuries were too brief and too minor to qualify as disabilities under the ADA.   Francis was restricted for her shoulder injury for approximately two months, and for approximately five months for her knee injury.   And the limitations were relatively minor--primarily, lifting with her right arm and climbing stairs.   A "temporary impairment" lasting only a few months is, "by itself, too short in duration . . . to be substantially limiting."   Adams v. Citizens Advice Bureau, 187 F.3d 315, 316–17 (2d Cir. 1999).[1]   See 29 C.F.R. § Pt. 1630, App. ("Impairments that last only for a short period of time are typically not covered, although they may be covered if sufficiently severe."); Wanamaker v. Westport Bd. of Educ., 899 F. Supp. 2d 193, 211 (D. Conn. 2012) ("[T]emporary, non-chronic impairments of short-duration, with little or no long term or

---

[1] Francis argues on appeal that Adams is unpersuasive because it was issued prior to the 2008 amendments to the ADA.   But the relevant proposition in Adams was reaffirmed by this Court subsequent to 2008.   See De La Rosa v. Potter, 427 F. App'x 28, 29 (2d Cir. 2011) (quoting Adams, 187 F.3d at 316-17).

3

permanent impact, are usually not disabilities.").   Francis offers no evidence to rebut the assertion that she and the BOE expected her to make a full (and relatively fast) recovery from her injuries; and she ultimately did make a full (and fast) recovery.

Francis argues that the fact that she was classified as having a 5 percent impairment from her knee for workers' compensation purposes is evidence that her knee injury was substantial and long-lasting.   But she herself testified that the remaining limitations were "really minor".   JA 292.   And it is the duration of the impairment that ordinarily matters rather than the persistence of the condition that causes it.

Accordingly, the district court did not err in dismissing the plaintiff's claims for disability discrimination under the ADA.

**2.** Francis also challenges the grant of summary judgment dismissing her retaliation claim under Title VII and the ADA.   The district court concluded that Francis failed to offer evidence that the BOE's legitimate business reasons for the adverse employment actions taken against her were pretextual.

As the district court concluded, even assuming that Francis set forth a prima facie case of retaliation and that the BOE set forth a legitimate business reason for the negative employment actions, Francis failed to demonstrate that the actions were pretextual.

Francis cites the fact that she never received negative evaluations prior to her injuries as evidence that the evaluations were pretextual.   However, "without more, . . . temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext."   El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010).   In any event, Francis admitted that she had disagreements with her boss, Sheilda Garrison, during the first year she worked as an assistant principal, before she ever complained of disability discrimination.   In a written statement (apparently submitted to the BOE), Francis admitted that "Sheilda Garrison . . . ha[d] wanted [her] to leave West Middle School from the very beginning", and set forth detailed descriptions of

4

disagreements she had with Garrison (and reprimands given to her by Garrison) during her first year.   While she received a "competent" evaluation from Garrison at the end of that first year, Garrison noted many areas needing improvement, including some of the same areas that were included in the negative evaluations issued the next year, after Francis injured her shoulder and knee.

Francis also argues that summary judgment is inappropriate because she disputes the accuracy of the negative evaluations.   But Francis must provide evidence beyond speculation that the negative evaluations were unsupported. See Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 852 (2d Cir. 2013) ("[The plaintiff's] subjective disagreement with her employer's assessment of her performance is not sufficient to demonstrate retaliatory intent and defeat summary judgment.").   The negative evaluations specified reasons for Francis's poor evaluation and the needed improvements.   Francis cites no admissible evidence creating a genuine dispute as to the validity of those reasons.   For example, she cites to her own declaration describing improvements she made at the school; but those improvements were made during the 2011-12 school year, before Francis ever complained of disability discrimination.   Francis also fails entirely to dispute many other admonitions in the evaluation, including that she regularly missed team meetings, failed to exercise professional judgment, and undermined the positive climate at the school.

Francis also argues that Garrison made comments about her physical therapy appointments.   At her deposition, Francis testified that Garrison asked her about the length of the appointments and the travel time to get to the appointments.   To the extent this questioning can interpreted as hostility to Francis's attendance at those appointments (as opposed to an innocent interest in the amount of time an employee would be away from the office), this questioning alone cannot save Francis's claims.

**3.** As to Francis's state law claims, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006). Here, the state law claims raise at least one unsettled issue of Connecticut law (the meaning of "chronic"), which was in contention between the parties. Accordingly, her claims under the CFEPA and the Connecticut Workers Compensation Retaliation statute should have been dismissed without prejudice to being brought in state court.

*****

We have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court with respect to the plaintiff's Title VII and ADA claims, and we **VACATE** and **REMAND** with respect to the plaintiff's state law claims, with direction to dismiss the latter without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6