19-4010-cv
*Veldran v. DeJoy*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-one.

PRESENT:    GUIDO CALABRESI,
            REENA RAGGI,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JONATHAN M. VELDRAN,
                    *Plaintiff-Appellant,*

            -v-                                        19-4010-cv

LOUIS DEJOY, POSTMASTER GENERAL,
                    *Defendant-Appellee.*[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[1]     Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Postmaster General Louis Dejoy is automatically substituted for former Postmaster General Megan J. Brennan as defendant-appellee in this case. The Clerk of Court is respectfully directed to amend this caption.

FOR PETITIONER:　　　　　　　Jonathan M. Veldran, *pro se*, Queens, NY.

FOR RESPONDENT:　　　　　　Varuni Nelson, Rachel G. Balaban, Matthew Modafferi, Assistant United States Attorneys, *for* Seth DuCharme, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Jonathan Veldran, proceeding *pro se*, appeals from a judgment of the district court entered October 1, 2019, in favor of defendant-appellee Postmaster General of the United States (the "Postal Service"). Veldran, a former employee of the Postal Service, brought this action alleging that he was denied a reasonable accommodation and terminated from his employment in violation of the Americans with Disabilities Act (the "ADA") and state law. In a decision and order entered September 30, 2019, the district court construed Veldran's ADA claims as claims brought under the Rehabilitation Act, and granted the Postal Service's motion for summary judgment. Veldran appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable

2

inferences in his favor."  *Biondo v. Kaledia Health*, 935 F.3d 68, 73 (2d Cir. 2019) (internal quotation marks omitted).  "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

As a threshold matter, as the Postal Service is a federal agency subject to disability discrimination claims under the Rehabilitation Act but not the ADA or state law, the district court correctly construed Veldran's claims as having been brought under the Rehabilitation Act.  *See Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998) ("[A] federal employee . . . has no remedy for employment discrimination under the ADA.  His sole claim for discrimination on the basis of disability is under the Rehabilitation Act, if anywhere." (citation omitted)).

Discrimination claims under the Rehabilitation Act are determined using the standards set forth in the ADA.  *See* 29 U.S.C. §§ 791(f), 794(d).

> To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show by a preponderance of the evidence that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability . . .  [or] his employer refused to make a reasonable accommodation.

*Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020).

3

A person has a "disability" under the ADA (or Rehabilitation Act) if he has: (a) "a physical or mental impairment that *substantially limits* one or more [of his] major life activities," (b) "a record of such an impairment," or (c) is "regarded as having such an impairment." 42 U.S.C. § 12102(1); 29 U.S.C. § 705(9)(B) (emphasis added). Major life activities include "caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 45 C.F.R. § 84.3(j)(2)(ii). "An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting"; however, "not every impairment will constitute a disability." 29 C.F.R. § 1630.2 (j)(ii).

Only where an employer knew, or reasonably should have known, that the employee has a disability within the meaning of the ADA does the employer have a duty to "engage in an interactive process with the[] employee[] and in that way work together to assess whether an employee's disability can be reasonably accommodated." *Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 81 (2d Cir. 2020) (internal quotation marks omitted). We may affirm summary judgment only if we conclude that on the record presented, considered in the light most favorable to Veldran, no reasonable jury could find in his favor on his claims. *See Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 103 (2d Cir. 2003).

Veldran presents both actual and perceived disability claims. We address these in turn.

4

## I.    Actual Disability

Veldran's first claim is that he was not provided a reasonable accommodation for an actual disability sustained when he sprained his knee on October 26, 2015.  He argues that this injury substantially limited the following major life activities: "walking, working, climbing steps, and . . . operating a motor vehicle."  He does not, however, dispute that these limitations lasted for only four days of his employment with the Postal Service, and that he was cleared to return to work without any physical limitations on the fourth day, before he was terminated.  During the four days, Veldran was restricted to no more than two hours per day of standing, walking, or climbing stairs.  This injury was simply too brief and minor to qualify as a disability under the Rehabilitation Act.  *See Adams v. Citizens Advice Bureau*, 187 F.3d 315, 316-17 (2d Cir. 1999) (holding plaintiff was not disabled within meaning of ADA where his injury lasted only three and one-half months and he failed to present evidence of a substantial limitation on a major life activity).[2]  While a temporary impairment can be covered if it is sufficiently severe, *see* 29 C.F.R. Pt. 1630, Interp. Guidance, § 1630.2(j)(1)(ix) ("[T]he duration of an impairment is one factor that is relevant in determining whether the impairment substantially limits a major life activity.  Impairments that last only for a short period of time are typically not covered, although

---

[2]    While *Adams* predated the ADA Amendment Act of 2008, which broadened the definition of "disability" under the ADA, the analysis in *Adams* has not been abrogated and still applies.

they may be covered if sufficiently severe." (citation and internal quotation marks omitted)), Veldran's injury was of such a short duration and limited severity that it could not qualify as a disability within the meaning of the Rehabilitation Act as a matter of law.

Because a reasonable factfinder could only conclude that Veldran's knee injury did not constitute a "disability" within the meaning of the Rehabilitation Act, the Postal Service did not have a duty to provide a reasonable accommodation, and the district court correctly granted summary judgment on Veldran's actual disability claim.

II.    **Perceived Disability**

Veldran's second claim is that he was wrongfully terminated based on the Postal Service's perception that he was disabled due to his 2001 knee injury sustained while in the military, for which he continued to receive a disability benefit during his employment with the Postal Service.  A person is "regarded as" disabled if he "establishes that he . . . has been subjected to an action prohibited [by the ADA or the Rehabilitation Act] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  42 U.S.C. § 12102(3)(A).  The perceived impairment, however, cannot be an impairment that is "transitory" -- having an "actual or expected duration of 6 months or less" -- and "minor."  *Id.* § 12102(3)(B).  "It is not enough that the employer perceive the employee as somehow disabled; the employer must regard the employee as disabled within the

6

meaning of the ADA, *i.e.*, having an impairment that substantially limits a major life activity." *Capobianco v. City of New York*, 422 F.3d 47, 57 (2d Cir. 2005) (internal quotation marks omitted).

Veldran's perceived disability claim fails because he did not raise a genuine issue of fact as to whether his supervisors perceived him as disabled. Although he provided evidence that at least one of his supervisors knew he was previously *injured* before terminating him, there is no evidence in the record to support an inference that his supervisors believed he was *disabled* as defined in the ADA. He does not state what major life activity his employers believed was substantially limited by that injury. Moreover, Veldran does not dispute that he worked as a City Carrier Assistant -- walking seven hours a day with a 35-pound mail bag, among other physical demands -- without any physical limitation or incident for the first two months of his employment. Based on these undisputed facts, no rational factfinder could conclude that Veldran's supervisors believed his 2001 injury resulted in a substantial limitation on his ability to walk or work in 2015.

Because Veldran failed to present evidence from which a reasonable jury could conclude that he was or perceived to be disabled, the district court correctly granted summary judgment to the Postal Service. *See Woolf*, 949 F.3d at 95 (affirming grant of summary judgment because "no reasonable factfinder could conclude" plaintiff had disability within meaning of ADA); *cf. Capobianco*, 422 F.3d at 60 (reversing grant of

7

summary judgment in perceived disability case, where plaintiff presented evidence that employer perceived him as being disabled and that he was able to perform essential functions of job with reasonable accommodation).

We have considered all of Veldran's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court