# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHANNON K. NISHIMURA,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
SF-0752-20-0282-I-1

DATE: August 13, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shannon K. Nishimura, Aiea, Hawaii, pro se.

Sean Wong, Esquire, Joint Base Pearl Harbor-Hickam, Hawaii, for the
agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which
dismissed his constructive suspension appeal for lack of jurisdiction. Generally,
we grant petitions such as this one only in the following circumstances: the
initial decision contains erroneous findings of material fact; the initial decision is

---

[1]A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the constructive suspension analysis and find that the appellant was not an individual with a disability, we AFFIRM the initial decision.

## BACKGROUND

The appellant is a Maintenance Worker, WG-08 at the Navy Facility Engineering Command (Command) in Pearl Harbor, Hawaii. Initial Appeal File (IAF), Tab 1 at 1, Tab 10 at 4-5. On November 21, 2019, the appellant had rotator cuff repair surgery on his right shoulder. IAF, Tab 1 at 7; Hearing Recording (HR) (testimony of appellant). From November 21 through December 16, 2019, the appellant was on leave recovering from the surgery. IAF, Tab 1 at 15, Tab 9 at 9; HR (testimony of appellant). During that time, on December 9, 2019, the appellant's supervisor was informed that the Command had ceased offering light duty and that an employee should not report to duty unless they could perform their full-time duties. IAF, Tab 9 at 9.

On December 16, 2019, the appellant reported to work and was told by his supervisor that because he was not cleared for full duty, he would have to take leave without pay (LWOP), sick, or annual leave. *Id.*; HR (testimony of appellant). On January 3, 2020, the appellant reported to work with medical

restrictions that prevented him from lifting his right arm above shoulder level or carrying or lifting more than 25 pounds. IAF, Tab 1 at 7, Tab 9 at 9; HR (testimony of appellant). Because the appellant was not cleared for full duty, and the agency had no light duty assignments for the appellant, the agency did not return him to work and the appellant remained on LWOP. IAF, Tab 9 at 9; HR (testimony of appellant). On January 14, 2020, the appellant again reported for duty but was still under medical restrictions, and thus the agency did not return him to work. IAF, Tab 1 at 10-14, Tab 9 at 9; HR (testimony of appellant). On February 14, 2020, the appellant was cleared by the Navy clinic to return to full duty, and he returned to work that day.[2] IAF, Tab 9 at 9; HR (testimony of appellant).

The appellant filed an appeal with the Board claiming that the agency failed to provide him with accommodations and improperly failed to return him to work within his medical restrictions, constituting a suspension. IAF, Tab 1 at 2, Tab 12 at 3, Tab 14 at 3; HR (testimony of appellant). The appellant requested a hearing. IAF, Tab 1 at 1. After holding the hearing, the administrative judge issued an initial decision dismissing the appellant's appeal for lack of jurisdiction. IAF, Tab 19, Initial Decision (ID). The administrative judge analyzed the appellant's claim as a constructive suspension and explained that in order to establish Board jurisdiction the appellant must establish that he lacked a meaningful choice in his absence and that the agency's wrongful actions deprived him of that choice. ID at 5. The administrative judge asserted that if the appellant's failure to return to duty was caused by the agency's failure to properly

_____

[2] In one of his filings with the Board, the appellant claimed that he did not return to work until February 20, 2020. IAF, Tab 12 at 3. The agency has asserted that the appellant returned to work on February 14, 2020. IAF, Tab 9 at 9. During his testimony, the appellant was unsure of the exact dates but confirmed that he was absent from work for a little less than three months. HR (testimony of appellant). Furthermore, the last leave request in the record is for the period from February 10 through February 13, 2020. IAF, Tab 1 at 12. Accordingly, we accept that the appellant returned to duty on February 14, 2020. We further note that the date of the appellant's return is not material to the disposition of this case.

accommodate him, then the appellant would have established a constructive suspension. ID at 6-7. Thus, the administrative judge determined that the appellant must establish that he was entitled to reasonable accommodation under the Americans with Disabilities Act Amendments Act (ADAAA) in order to establish that he was constructively suspended. ID at 7.

Analyzing whether the appellant was entitled to reasonable accommodation under the ADAAA, the administrative judge first determined the threshold issue of whether the appellant was a qualified individual with a disability. ID at 7-11. Finding that the appellant was substantially limited in the use of his right arm from the date of his surgery to the time he was cleared for full duty, the administrative judge determined that the appellant met the definition of an individual with a disability under the ADAAA. ID at 9. However, the administrative judge concluded that the appellant did not meet the definition of a qualified individual with a disability because he was unable to perform the essential functions of his position with or without reasonable accommodation. ID at 9-11. Furthermore, the administrative judge noted that the agency was under no obligation to provide the appellant with light duty under the applicable collective bargaining agreement (CBA), and the appellant failed to show that light duty assignments were available. ID at 11-12. Accordingly, the administrative judge determined that the appellant had not established he was constructively suspended and dismissed the appeal. ID at 12-13.

This petition for review followed. Petition for Review (PFR) File, Tab 1 at 3. On review, the appellant argues that there was work available that he could have performed within his medical restrictions. *Id*. Namely, the appellant asserts that his supervisor should have scheduled "housing area flushing," which would have "created work either [as a commercial driver's license] driver or spotter or lead," which the appellant claims he could have performed within his restrictions. *Id*.

## DISCUSSION OF ARGUMENTS ON REVIEW

**The appellant does not have to prove that he was entitled to reasonable accommodation to establish that the agency's actions were wrongful.**

While we agree with the administrative judge's conclusion that the appellant failed to establish that he was constructively suspended, we do not believe she comprehensively analyzed his claim. ID. Specifically, we believe that the administrative judge improperly limited her review of the agency's refusal to return the appellant to work, analyzing only whether the agency improperly failed to accommodate the appellant under the ADAAA. ID at 7-11. Therefore, we find it necessary to clarify that the appellant was not required to establish an entitlement to reasonable accommodation under the ADAAA to establish that the agency's actions were improper and constituted a constructive suspension. The appellant needed only to establish that the agency was wrongful in failing to bring him back to duty. *Romero v. U.S. Postal Service*, 121 M.S.P.R. 606, ¶¶ 8-9 (2014).

The Board has determined that certain leaves of absences may be appealable under chapter 75 as constructive suspensions. *Id*. at ¶ 5. Although various fact patterns may give rise to an appealable constructive suspension, all constructive suspension claims are premised on the proposition that an absence that appears to be voluntary is not. *Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 8 (2015). To demonstrate that an absence was, in part, not voluntary and is an actionable constructive suspension, an appellant must show that (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. *Id*. Assuming the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of these two things is sufficient to establish Board jurisdiction. *Id*. This analysis extends to situations in which the agency prevents an appellant's return to work after an initial voluntary leave of absence. *Id*.; *Romero*, 121 M.S.P.R. 606, ¶ 8-11 (applying a constructive suspension framework when

the appellant took leave due to a medical condition, later reported to duty but was not allowed to perform work because the agency could not accommodate his medical restrictions).

When an appellant is released to return to work with medical restrictions, and the agency does not return him to work, the Board has found that this deprives an appellant of a meaningful choice. *Romero*, 121 M.S.P.R. 606, ¶ 9; *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 13 (finding that the appellant's absence was not voluntary when he was presented with the option of working outside his medical restrictions or taking leave). Here, it is undisputed that the appellant reported to work several times with medical restrictions, and the agency did not return him to work until he was cleared for full duty. IAF, Tab 1 at 7, 10-12, Tab 9 at 9, Tab 12 at 3, Tab 14 at 3; HR (testimony of appellant). Thus, the appellant has established the first prong of the constructive suspension framework, i.e., that he lacked a meaningful choice in his absence. *Romero*, 121 M.S.P.R. 606, ¶ 9.

Therefore, the issue in dispute is the second prong of the analysis, whether the agency's actions were wrongful when it refused to allow the appellant to return to work. *Id*.,¶¶ 8-9. As explained by our reviewing court "[w]hen an employee voluntarily takes leave, an agency may properly refuse to allow the employee to resume working if the employee does not satisfy the agency's conditions for returning to work." *Rosario-Fabregas v. Merit Systems Protection Board*, 833 F.3d 1342, 1347 (Fed. Cir. 2016). This does not constitute a constructive suspension. *Id*. If, however, the agency's conditions for returning to work are wrongful, then the employee's absence may be deemed a constructive suspension. *See id*.; *see also Rosario-Fabregas*, 122 M.S.P.R. 468, ¶ 8.

We find that our reasoning in *Romero v. U.S. Postal Service* is particularly applicable to this matter. In *Romero*, the appellant voluntarily took a leave of absence from work due to his medical condition. *Romero*, 121 M.S.P.R. 606, ¶ 2. Subsequently, the appellant was released by his doctors to return to work;

however, the appellant's physicians recommended accommodations, including a more stable schedule, less stress, and less noise to prevent exacerbating the appellant's condition. *Id*.,¶¶ 10-11. The Board, on review, found that there was no evidence that the appellant could perform his supervisory position, or another supervisory role, within his medical restrictions.[3] *See id*.,¶¶ 11-12. Because the Board determined that the appellant could not perform his position within his medical restrictions, the Board found that there was nothing wrongful or improper about the agency's failure to return the appellant to work. *Id*.

Applying the same reasoning as in *Romero* here, we find that the appellant did not establish that the agency improperly failed to return him to duty. As a Maintenance Worker, the appellant was responsible for operational and preventative maintenance, inspecting, repairing, and replacing machinery and equipment, housekeeping such as sweeping, brushing, mopping, and operating a motor vehicle. IAF, Tab 10 at 5-6; HR (testimony of appellant's supervisor). The position also required that the appellant be able to carry up to 50 pounds, including such heavy objects as pipes, bags of concrete, and manhole covers. IAF, Tab 10 at 7; HR (testimony of appellant's supervisor). We find no evidence that any accommodation would have allowed the appellant to perform these duties within his medical restrictions. IAF, Tab 1 at 7-11, Tab 9 at 9, Tab 10 at 5-7; HR (testimony of appellant's supervisor). Therefore, we do not find anything improper or wrongful in the agency's requirement that the appellant be medically cleared without restrictions to return to duty, as he was unable to comprehensively or safely perform his essential duties within his medical restrictions. IAF, Tab 1 at 7-11, Tab 9 at 9, Tab 10 at 5-7; HR (testimony of appellant's supervisor).

---

[3] The agency had offered Mr. Romero three nonsupervisory positions within his medical restrictions, which he declined. *Romero*, 121 M.S.P.R. 606, ¶¶ 3, 11.

<u>There is no evidence that there was available light duty assignment within the appellant's medical restrictions.</u>

We agree with the administrative judge that, while the appellant asserts that the agency should have assigned him to light duty, the agency was under no obligation to do so. ID at 11-12. An agency is required to offer available light duty when required to do so by policy, regulation, or contract. *See Clavin v. U.S. Postal Service*, 99 M.S.P.R. 619, ¶ 8 (2005) (finding that if an agency has denied a request for light duty, and is obligated by policy, regulation, or contract to offer available light-duty work, then the agency's refusal to offer the employee light duty may constitute a suspension). The agency, at the time the appellant returned to work, did not have a policy requiring it to offer available light duty assignments to employees who were unable to perform their full duties. IAF, Tab 9 at 9; HR (testimony of appellant's supervisor). Additionally, the applicable CBA only requires that the agency give "equitable consideration, on a case-by-case basis" to temporarily assigning an employee to a position for which he has the physical capacity to perform. IAF, Tab 9 at 10. The appellant only identified discrete individual tasks he could perform, such as driving or performing inspections, but did not identify any position that would have accommodated his physical capabilities, nor is there any evidence that such a position existed. IAF, Tab 12 at 3, Tab 14 at 3; HR (testimony of appellant); PFR File, Tab 1 at 3. Accordingly, we agree with the administrative judge that the agency was under no obligation under agency policy or the CBA to assign the appellant to light duty assignment. ID at 11-12.

We further agree with the administrative judge that the agency was under no obligation to create light duty assignments for the appellant to perform. Agencies are required only to assign available light duty assignments if obligated by policy, regulation, or contract; there is no obligation to create light duty assignments for employees. *See Clavin*, 99 M.S.P.R. 619, ¶ 8 (limiting the agency's requirement to offer light duty assignment when obligated by policy,

regulation, or contract to light duty assignments that are available).  Here, there is no evidence that the agency had any light duty assignments to offer the appellant. The appellant has only pointed to discrete tasks he could perform in his current position, not a light duty assignment that was available at the time.  IAF, Tab 12 at 3, Tab 14 at 3; HR (testimony of appellant); PFR File, Tab 1 at 3.  Indeed, on review, the appellant effectively concedes that his supervisor would have had to create work for him by scheduling "housing area flushing," which would have created work as a driver, spotter, or lead that the appellant could have performed. PFR File, Tab 1 at 3. Given the above, we agree with the administrative judge that there was no evidence that available light duty assignments existed for the agency to give to the appellant.  ID at 11-12.

Finally, while the appellant asserted below that co-workers were provided light duty, we find nothing in the record that supports the assertion that any employee was provided light duty after the agency ceased offering light duty assignments.  IAF, Tab 9 at 9, Tab 12 at 3, Tab 14 at 3.  Although the appellant identified one employee who was allegedly given light duty, the record establishes that this employee was removed from his light duty assignment on December 9, 2019, upon notification that the Command had ceased providing light duty.[4]  HR (testimony of appellant's supervisor).  Therefore, we see no evidence that any employee within the appellant's unit, under his supervisor's command, was assigned to light duty at the time the appellant first reported to work on December 16, 2019.  IAF, Tab 1 at 2, Tab 12 at 3; HR, (testimony of appellant's supervisor).  Therefore, we find nothing wrong or improper in the agency's denial of light duty assignment.

---

[4] The employee was cleared for full duty and returned to work on December 16, 2019. HR (testimony of appellant's supervisor).

<u>The appellant did not establish that he was a qualified individual with a disability, and thus did not establish that the agency improperly failed to reasonably accommodate him.</u>

Because the appellant claimed below that the agency's actions were improper when it failed to reasonably accommodate his medical restriction, an analysis of the claim under the ADAAA is appropriate. IAF, Tab 4 at 1, 3-4, Tab 14 at 3; HR (testimony of appellant). We agree with the administrative judge that the appellant did not establish that he met the definition of a qualified individual under the ADAAA and thus had no entitlement to reasonable accommodation.[5] ID at 7-11. However, we find that the administrative judge erred in determining that the appellant was an individual with a disability, and modify the initial decision accordingly.

As a Federal employee, the appellant's claim of disability discrimination arises under the Rehabilitation Act. *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13, n.3 (2014). The standards under the Americans with Disabilities Act, as amended by the ADAAA, have been incorporated by reference into the Rehabilitation Act and the Board applies them to determine whether there has been a Rehabilitation Act violation. *Id*.; 29 U.S.C. § 791(f). In particular, the ADAAA provides that it is illegal for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Therefore, to establish that the agency was wrongful in failing to provide him with a reasonable accommodation, the appellant must establish that he was entitled to that reasonable accommodation as a qualified individual with a disability.

First, to be an individual with a disability, the appellant must establish that he: (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1); *Thome v. Department of*

_____

[5] Because the appellant failed to meet the threshold issue in a disability discrimination claim, we do not address any further steps in the disability discrimination framework.

*Homeland Security*, 122 M.S.P.R. 315, ¶ 24 (2015); 29 C.F.R. § 1630.2(g)(1). An impairment qualifies as a disability if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. 29 C.F.R. § 1630.2(j)(1)(ii). Factors to consider in determining whether a condition substantially limits a major life activity include the difficulty, effort, or time required to perform the activity; the pain experienced performing the activity; the length of time the activity can be performed; and/or the way an impairment affects the operation of a major bodily function. 29 C.F.R. § 1630.2(j)(4). The Equal Employment Opportunity Commission (EEOC) has explained in its regulations that while Congress intended for the term "substantially limits" to be construed broadly, not every impairment will constitute a disability under the ADAAA. 29 C.F.R. § 1630.2(j)(1)(i)-(ii). For instance, impairments that only last a short period of time are typically not covered under the ADAAA unless they are sufficiently severe. 29 C.F.R. Appendix at § 1630.2(j)(1)(ix).

Here, the appellant had limited use of his right arm for approximately 10 weeks while he recovered from right shoulder surgery. IAF, Tab 1 at 7-11, Tab 9 at 9; HR (testimony of appellant). The appellant was restricted only in the use of his right arm, insomuch that he was prohibited from lifting or carrying items over 25 pounds, or lifting his right arm above his head. IAD, Tab 1 at 7, 9-10. As of February 14, 2020, the appellant returned to full duty with no medical restrictions, and there is no evidence of any long-term or permanent impact from the surgery. IAF, Tab 9 at 9, Tab 12 at 3; HR (testimony of appellant). Therefore, looking at the length and duration of the impairment, as well as the nature of the medical restrictions, we do not believe the appellant's impairment was sufficiently severe as to constitute a substantial limitation on a major life activity in comparison with the general population. On review of the record, we believe there is simply a lack of evidence that the appellant's injury

was sufficiently severe that this short-term impairment would constitute disability under the ADAAA.

The decisions from several tribunals, including the Equal Employment Opportunity Commission (EEOC), support our finding that the appellant's injury is not considered a disability under the ADAAA.[6] *See Clark v. Boyd Tunica, Inc.*, No. 3:14-cv-00204-MPM-JMV, 2016 WL 853529 at *5 (N.D. Miss. Mar. 1, 2016) (finding that a broken foot did not substantially limit major life activities and thus did not meet the definition of a disability under ADAAA); *Martinez v. New York State Division of Human Rights*, No. 1:13-vc-1252-GHW, 2015 WL 437399 at *8 (S.D.N.Y. Feb. 2, 2015) (finding temporary injuries from slip-and-fall accident did not constitute a disability); *Kruger v. Hamilton Manor Nursing Home*, 10 F. Supp. 3d 385, 389 (W.D.N.Y. 2014) (finding that a broken arm is not considered a disability under the ADAAA); *Bush v. United States Postal Service*, 964 F. Supp. 2d 401, 421 (W.D. Pa. 2013) (finding that a foot/ankle sprain is not a disability because it did not substantially limit a major life activity); *see also Idell v. Department of Agriculture*, EEOC Appeal No. 0120140792, 2017 WL 491366 at *1-2 (Jan. 26, 2017) (finding complainant was not entitled to reasonable accommodation when recovering from surgery on her left foot when the medical documentation indicated the condition was short-term); *Complainant v. Department of Homeland Security*, EEOC Appeal No. 0120122572, 2014 WL 7005948 at *5 (Dec. 4, 2014) (finding no evidence of qualifying disability within the meaning of the ADAAA when complainant

---

[6] We acknowledge that U.S. District Court decisions are not binding on the Board, but the Board may follow such decisions to the extent, as here, it finds the reasoning persuasive. *Walker v. Department of the Army*, 104 M.S.P.R. 96, ¶ 11 n.2 (2006). We further acknowledge that while decisions from the EEOC are similarly not binding, the Board generally defers to the EEOC on issues of substantive discrimination law unless the EEOC's decision rests on civil service law for its support or is so unreasonable that it amounts to a violation of civil service law. *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶ 20 (2013), *overruled on other grounds by Pridgen v. Office of Management and Budget*, 2022 MSPB 31. We find that in this matter, the EEOC's decisions neither rest on nor violate civil service law, and thus believe it appropriate to defer to the EEOC on this matter.

recovered from her leg injury within four weeks). Based upon the reasoning in these cases, which we find persuasive, we find that the appellant's short-term impairment does not meet the definition of disability under the ADAAA, and thus the appellant was not an individual with a disability.

Second, even assuming arguendo that the appellant is an individual with a disability under the ADAAA, we agree with the administrative judge that the appellant was not a "qualified individual" under the ADAAA. ID at 9-11. A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8). Both a claim of disability discrimination based on an individual status as disabled and a claim based on an agency's failure to reasonably accommodate that disability require that the individual be "qualified." *See McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶¶ 6, 8 n.5, 9 (2014)(recognizing that only a qualified individual with a disability is entitled to relief for his disability discrimination claim); *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶¶ 10-11, 17 (reversing an administrative judge's finding that an agency denied reasonable accommodation, concluding that the appellant was not a qualified individual with a disability and thus was not entitled to reasonable accommodation).

The appellant is a Maintenance Worker, and performs operational and preventative maintenance, which includes lifting heavy objects weighing up to 50 pounds such as pipes, manhole covers, and bags of concrete. IAF, Tab 10 at 5-9; HR (testimony of appellant's supervisor). The appellant could not have performed these tasks within his medical restrictions, which proscribed light duty that included carrying or lifting no more than 25 pounds. IAF, Tab 1 at 7, 9-10; HR (testimony of the appellant). The agency is not obligated to remove or assign the essential duties of the appellant's position to other employees to accommodate the appellant's restrictions. *See Henry v. Department of Veterans Affairs*, 100 M.S.P.R. 124, ¶ 13 (2005) (stating that excusing an individual from

performing an essential function of his position is not an accommodation). Therefore, we see no reasonable accommodation that would allow the appellant to perform the essential duties of his position within his medical restrictions. Because the appellant could not perform the essential duties of his position with or without reasonable accommodation, we agree with the administrative judge that he was not a qualified individual with a disability. ID at 9-11.

Because the appellant is not a qualified individual with a disability under the ADAAA, he is not entitled to reasonable accommodation. Accordingly, the appellant has failed to establish that the agency's actions were wrongful under a theory that it was unlawful under the ADAAA. Thus, because the appellant has failed to establish that the agency's actions were wrongful, we agree that the Board lacks jurisdiction, and his appeal was properly dismissed.[7]

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of

---

[7] Because the appellant raised a claim of discrimination in this constructive adverse action appeal, and the Board has now issued a Final Order dismissing the appeal for lack of jurisdiction, the agency is now required, under Equal Employment Opportunity Commission (EEOC) regulations, to reissue a notice under 29 C.F.R. § 1614.108(f) giving the appellant the right to elect between a hearing before an EEOC administrative judge and an immediate final decision. *See* 29 C.F.R. § 1614.302(b).

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.



FOR THE BOARD:            _____
                                    Gina K. Grippando
                                    Clerk of the Board

Washington, D.C.